NEW-YORK PRACTICE REPORTS. 121

Mills agt. Thursby and others, ex'rs, &c.

---

## SUPREME COURT.

## [ No. 5. ]

DAVID S. MILLS agt. JOHN B. THURSBY and others, executors, &c.

Where it appeared that the sheriff called upon the defendant in the execution, at his place of business, and at his house, and informed him that he made a levy upon the personal property then visible; and it was understood between the defendant and the sheriff this should be considered a levy upon enough, besides upon the same premises, to satisfy the execution; but the sheriff made no inventory or other levy, and the defendant requested him not to remove any property or disturb his family by any further levy, and promised the judgment should be settled,

*Held*, that this was a sufficient levy upon the personal property of the defendant, but not sufficient to hold the real estate.

*New-York Special Term, November* 26, 1853.

THIS was a motion for a stay of proceedings and to vacate a levy made by the sheriff of Kings County, upon property of John Thursby, deceased, under an execution issued in his life time, upon a judgment recovered in this action, September, 1851, for

$19,455.78; appeal having been taken to the general term, and the suit revived by the defendants. They alleged that the sheriff falsely pretended to have made a levy upon the personal property of the deceased, who had been one of the official sureties of the sheriff, and possessed of large property, which fact was known to the sheriff; that upon the receipt of the execution, the sheriff had written a note to John Thursby, requesting to see him; that Thursby called upon the sheriff, and upon learning of the execution, informed the sheriff that a stay of proceedings would be procured, and requested him not to proceed. That soon after, a stay of proceedings was procured, and the sheriff never did proceed. That, subsequently, after the death of Thursby, and the revival of the suit, the sheriff had been notified to return the execution, and thereupon pretending he had made a levy upon the personal property of Thursby, he had advertised it for sale under the execution. That no levy had been in fact made, until after the death of John Thursby, and until after the expiration of sixty days, during which, the sheriff was bound to have executed the writ. That the sheriff had also advertised for sale, under the execution, the real estate of Thursby, of which he was possessed at the time of his death; but that no levy had ever been made upon it, nor had it been advertised for sale until after the death of John Thursby, and after the expiration of sixty days, during which the sheriff was bound to have executed the writ.

The plaintiff alleged that the sheriff had called upon the defendant in the execution, and notified him of its existence, and being in a room of the defendant's house, and also at his place of business in Kings County, informed him that he made a levy upon the personal property then visible; and it was understood between the defendant and the sheriff this should be considered a levy upon enough, besides upon the same premises, to satisfy the execution; but he made no inventory or other levy; and the defendant requested him not to remove any property, or disturb his family by any further levy, and promised the judgment should be settled; and the sheriff averred that his proceedings under the execution, had been stayed nearly all

the time by *ex parte* orders which the defendant had obtained and pretended were valid.

N. DANE ELLINGWOOD, *for defendants.*

Mr. COGGSWELL, *for sheriff.*

ALBERT MATHEWS, *for plaintiff.*

*Cited Dresser* agt. *Ainsworth,* (9 *Barb. Sup. C. R.,* 619 ; 1 *Paige,* 125 ; 11 *Paige,* 21 ; 3 *Barb. Ch. R.,* 630 ; 4 *Hill,* 158 ; 5 *Denio,* 619, 625 ; 9 *Johns.,* 132 ; 12 *Johns.,* 403 ; 17 *Johns.,* 116 ; 18 *Johns.,* 311, 363.)

EDWARDS, Justice.—I think that the affidavit of the sheriff shows that a valid levy was made upon the personal property of the defendant before his death, and before the return day of the execution. But I am not prepared to say that there was a sufficient levy upon the real estate. It does not appear that any act whatever was done, showing that the sheriff intended to make such levy. On the contrary, I think that his affidavit shows that he did not intend to levy upon any other than the personal property. If the plaintiff insists that a valid levy can be made under an execution after the return day, I will hear a further argument upon that point. In the meantime, the motion to stay proceedings, under the levy made upon the personal property of the defendant, is denied without costs.